**Tommy F. RAY, Appellant,**

v.

**James MABRY, etc., et al., Appellees.**

**No. 76–2123.**

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1977.

Decided June 9, 1977.

Tommy F. Ray, pro se.

John Purtle, Little Rock, Ark., for appellant.

Bill Clinton, Atty. Gen., and Robert A. Newcomb, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an appeal by an inmate of the Cummins Unit of the Arkansas Department of Correction. Tommy F. Ray filed suit in the United States District Court for the

Eastern District of Arkansas against officials of the Arkansas Department of Correction alleging violations of 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim for relief. We remand for an evidentiary hearing.

In his complaint Ray alleged that in May of 1976 he was given Class I Trusty status and his work assignment was changed from garden squad to the garage. He now is "flat man" and his duties include repairing various flat tires, pushing non-operative machinery, and other manual labor. He alleged that he works 90 to 120 hours per week including Sunday work, and further stated that he cannot do the hard labor assigned to him because he is physically disabled. Finally, he contends that he is constantly cursed and threatened by prison supervisors. Petitioner sought an injunction relieving him from working excessive hours, from working on Sundays, and from being compelled to perform duties beyond his physical capabilities.

On appeal Ray contends that his work requirements constitute involuntary servitude, and that his complaint, therefore, states a claim under the Thirteenth Amendment. He further contends that his allegations regarding excessive working hours, overly arduous tasks, and abusive treatment state a claim of cruel and unusual punishment. Finally, Ray maintains that compelling him to work on Sundays violates his freedom of worship.[1]

■ Ray's contention that his work requirements constitute involuntary servitude in violation of the Thirteenth Amendment is without merit. Compelling prison inmates to work does not contravene the Thirteenth Amendment. *See Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir.), *cert. denied*, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963); *Howerton v. Mississippi County, Ark.*, 361 F.Supp. 356, 364 (E.D. Ark. 1973); *Holt v. Sarver*, 309 F.Supp. 362, 369–72 (E.D. Ark. 1970), *aff'd*, 442 F.2d 304 (8th Cir. 1971).

■ However there are circumstances in which prison work requirements can constitute cruel and unusual punishment. *See Jackson v. Bishop*, 268 F.Supp. 804, 816 (E.D. Ark. 1967), *vacated on other grounds*, 404 F.2d 571 (8th Cir. 1968); *Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D. Ark. 1965). *Cf. Wilbron v. Hutto*, 509 F.2d 621 (8th Cir. 1975). The court in *Talley* stated:

> [F]or prison officials knowingly to compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eight Amendment to the Constitution of the United States as included in the 14th Amendment.

247 F.Supp. at 687, *quoted* in *Jackson v. Bishop, supra*, 268 F.Supp. at 816.

Under these principles petitioner's contentions, if proven, could constitute cruel and unusual punishment.[2] Therefore, we find that his complaint does state a claim and should not have been dismissed.

Petitioner's religious claim is too conclusory to state a claim for relief. Ray does not allege that he is a follower of a religion which prohibits working on Sunday, or that his work deprives him of an opportunity to spend some part of Sunday in worship. However, in light of our remand on the cruel and unusual punishment claim, the district court may review Ray's religious claim at the same time.

---

1. Ray also contends that compelling him to work long hours denies him his rights to rehabilitation and recreation. These arguments, however, are redundant of his cruel and unusual punishment claim, and no additional facts in support of them are pleaded. Accordingly, they are not separately considered.

2. Ray's claim of cruel and unusual punishment also rests on allegations of abusive treatment by his supervisors. Prison officials at the Cummins Unit of the Arkansas Department of Correction have already been enjoined from verbally abusing inmates. *Finney v. Hutto*, 410 F.Supp. 251, 272 (E.D. Ark. 1976), *aff'd*, 548 F.2d 740 (8th Cir. 1977).

The dismissal is reversed and the cause remanded for further consideration.[3]

---

3. Since an evidentiary hearing should be held as soon as possible, the court notes that the magistrate now has the power to hold such a hearing and recommends that the district court consider that possibility.