Tony R. EAST, Appellant,

v.

Sergeant J. LEMONS, Lieutenant Rughe, W. Warfield, and O. Davis, Employees, Cummins Unit, Arkansas Department of Correction, Appellees.

No. 84-2407.

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1985.

Decided July 30, 1985.

Paul D. Groce, North Little Rock, Ark., for appellant.

Jerry E. Rose, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HEANEY, Circuit Judge.

Tony R. East, an inmate of the Cummins Unit of the Arkansas Department of Correction, appeals *pro se* from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. For reversal, East contends that the district court erred in concluding that he did not state a claim of cruel and unusual punishment cognizable under the eighth and fourteenth amendments and that he was not unconstitutionally assigned to punitive isolation. We reverse and remand.

After serving eleven months in punitive isolation in the Cummins Unit of the Arkansas Department of Correction, East was assigned to a hoe squad cleaning ditches. According to East, the transition from sedentary confinement to vigorous labor was difficult and, after four hours of work, he suffered severe muscle cramps in both arms. When he complained of his cramps, Sgt. Lemons, the squad supervisor, allowed him a brief rest, after which he was ordered back to work. Shortly thereafter, East renewed his complaints and requested medical attention, but Lemons simply ordered him back to work again.

East was later told not to report back for work because he was on "Disciplinary Court Review" on charges of refusing to work and refusing to obey the orders of a supervisor. After a hearing before the Cummins Unit Disciplinary Committee,

East was found to have violated both rules and was sentenced to serve a period in punitive isolation. East then instituted this suit, alleging that this incident violated the eighth amendment's proscription of cruel and unusual punishment. The district court dismissed for failure to state a claim, and East appeals.

 A prisoner may state a claim if he demonstrates that prison officials have been deliberately indifferent to a serious medical need, *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), or if the prisoner is obliged to work beyond his physical capacity. *Ray v. Mabry,* 556 F.2d 881, 882 (8th Cir.1977). In *Ray,* this Court declared:

> [F]or prison officials knowingly to compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eighth Amendment to the Constitution of the United States as included in the 14th Amendment.

*Id.,* quoting *Talley v. Stephens,* 247 F.Supp. 683, 687 (E.D.Ark., 1965). *See also Howard v. King,* 707 F.2d 215, 220–221 (5th Cir.1983).

 In reviewing a complaint for failure to state a claim, the allegations in the complaint must be considered to be true. *Chapman v. Musich,* 726 F.2d 405, 408 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984). In reviewing the complaint under the *Ray* standard, we cannot say on the basis of East's complaints that his life or health were not threatened by his severe cramps, or that he did not suffer undue pain. Although the case might be susceptible to resolution on the basis of affidavits supporting a summary judgment motion, we believe that East was able to state a claim sufficient to survive his dismissal. Therefore, he should be given a chance to develop his case to the point at which the courts can determine whether it has merit.

Accordingly, we reverse and remand for proceedings consistent with this opinion.