Bobby TOOMBS, Appellant,

v.

Co-I L. HICKS, Garden Squad Rider; F. McHann, Field Major; Lt. Ruhge; O. Davis; W. Warfield, Disciplinary Committee Members; Willis Sargent, Warden, Cummins Unit; Randall B. Morgan, Assistant Director; A.L. Lockhart, Director, Arkansas Department of Correction; Woodson D. Walker, Chairman, Arkansas Board of Correction, Appellees.

No. 85–1873.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 20, 1985.

Decided Sept. 26, 1985.

Bobby Toombs, pro se.

No brief for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Bobby Toombs, an inmate of the Cummins Unit of the Arkansas Department of Correction, appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. The district court, in dismissing the complaint, noted that no constitutional provisions had been cited in Toombs's pro se pleadings. While no hearing was held, there was a response by the defendants who moved alternatively to dismiss or for summary judgment. The motion was supported by affidavits. On appeal, Toombs contends that prison officials have forced him to work beyond his physical capacity, and that this has resulted in permanent injury to his arm. We vacate the order of dismissal and remand.

For present purposes, we accept as true all allegations stated in Toombs's pleadings, *Chapman v. Musich,* 726 F.2d 405, 408 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984). Toombs was assigned, despite his protests, to a two-handed hoe squad. On this job, he had to "skate bow two foot johnson grass." At the time, Toombs was medically restricted from performing work which would require him to lift more than ten pounds. On July 31, 1984 Toombs complained to appellee Hicks, the squad supervisor, that his arm was hurting; he was told that "the doctor didn't run the field." During the last hour of work that day, his arm "wouldn't hold out." Toombs then refused three direct orders to work, and was placed on disciplinary report.

Toombs filed a grievance regarding the incident, but apparently never received a response. However, he did appear before a disciplinary committee consisting of appellees Ruhge, Davis and Warfield on the charges lodged by Hicks. Toombs argued to the committee that his hoe squad duties required him to put more than ten pounds of pressure on the hoe. The disciplinary committee concluded that sanctions were appropriate, because the hoes used by the squad weighed less than ten pounds. The committee took away thirty days of good time, and "reduced [Toombs] to class 3." (*See* Ark.Stat.Ann. § 46–120.3 (Supp.1985).) Toombs appealed the decision to appropriate officials at the Cummins Unit (appellee Sargent) and the Department of Correction (appellees Morgan, Lockhart and Walker), each of whom concluded that there had been a sufficient factual basis for the disci-

plinary report, and that Toombs had been accorded the requisite procedural safeguards.

Evidently, Toombs's medical condition was reevaluated about three weeks after the July 31, 1984 incident, and he was classified as fit only for one-armed duty. Nonetheless, he alleges that as of the filing of this suit in April, 1985 he was still working on the two-handed hoe squad, despite written protests he had directed to appellee McHann, a Cummins Unit Field Major. Toombs suggests that appellees Morgan, Lockhart and Walker were less than thorough in their review of the disciplinary proceedings, because they did not discover he had been medically reclassified.

The federal courts are not part of the appellate process for prison disciplinary proceedings. *See Courtney v. Bishop*, 409 F.2d 1185 (8th Cir.), *cert. denied*, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969), and absent infringement upon constitutional rights such courts are reluctant to interfere with internal discipline or operation of prisons. *Finney v. Hutto*, 437 U.S. 678, 688 n. 12, 98 S.Ct. 2565, 2572 n. 12, 57 L.Ed.2d 522 (1978).

■ No charge is made that the disciplinary proceedings, including administrative review, are constitutionally deficient. The most that can be said is that in applying those procedures a mistake was made. But if that be true, the error does not appear to be one of constitutional dimension.

Moreover, appellant's suggestion of lack of adequate review because of failure of Morgan, Lockhart and Walker to discover his August, 1984 medical reclassification is without support. The review by Morgan was of Toombs's appeal received August 16, 1984, which was prior to the medical reclassification. Even though Morgan, and later Lockhart and Walker, decided the appeal after the medical reclassification, there is simply nothing to indicate that the reviewing officers looked at or should have looked at a state of facts not in existence at the time of the alleged rule infractions. Thus, we find no error in dismissal of the complaint so far as it undertakes to reach the disciplinary hearing and review procedure subsequent to the events of July 31, 1984.

■ However, the matter does not end there. In *East v. Lemons*, 768 F.2d 1000, 1001 (8th Cir.1985), we noted that prison officials violate the eighth amendment, as incorporated by the fourteenth amendment, if they knowingly compel a prisoner to do work which (1) causes undue pain; or (2) endangers the prisoner's life or health; or (3) exceeds the prisoner's physical capacity. *Accord, Johnson v. Clinton*, 763 F.2d 326, 328 (8th Cir.1985); *Howard v. King*, 707 F.2d 215, 220–21 (5th Cir.1983); *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977); *Talley v. Stephens,* 247 F.Supp. 683, 687 (E.D.Ark.1965). The eighth amendment also proscribes deliberate indifference by officials to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Reading Toombs's complaint and supporting documents with the indulgence to which pro se pleadings are entitled, *Hughes v. Rowe*, 449 U.S. 5, 12–13, 101 S.Ct. 173, 177–78, 66 L.Ed.2d 163 (1980), we cannot say Toombs, in view of his allegation that his assignment on the two-handed hoe squad continued after the time he had been medically restricted from using the injured arm for work, could prove no set of facts sufficient to entitle him to relief.

Accordingly, the judgment of the district court is vacated, and the case remanded for proceedings consistent with this opinion. While ultimately Toombs may prove to have no viable claim against some, or indeed any, of the defendants, on remand he should be given "a chance to develop his case to the point at which the courts can determine whether it has merit." *East v. Lemons*, 768 F.2d 1000, 1001 (8th Cir.1985).