793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EUNICE JONES, Plaintiff-Appellant,
v.
ROBERT BROWN, JR., DIRECTOR; R. VANDERKOLK; PAMELA WITHROW;
SAM SPADE; JOHN WIREMAN; DON WOOD; MR. DIXON; and
TED KOEHLER, Defendants-Appellees.
 85-1524
 United States Court of Appeals, Sixth Circuit.
 5/9/86
 AFFIRMED
 
 1
 W.D.Mich.
 
 ORDER
 
 2
 BEFORE: KENNEDY and MILBURN, Circuit Judges; JOINER, Senior District Judge*.
 
 
 3
 Plaintiff appeals the summary judgment for defendants in this pro se civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff, a Michigan prisoner, filed this action against various prison employees alleging that he was transferred because of his race, he was unable to finish his vocational program because of the transfer, he was assigned work at the transferee institution, his mail did not reach him after the transfer, and he was denied medical treatment. Defendants filed a motion to dismiss or for summary judgment supported by affidavits. Plaintiff responded, claiming that defendants' statements were false. The district court granted defendants' motion for summary judgment. We affirm.
 
 
 5
 The Court of Appeals in reviewing a summary judgment must apply the same test the district court applied in ruling on a summary judgment motion. Glenway Industries, Inc. v. Wheelabrator-Frye, Inc., F.2d 415 (6th Cir. 1982). Summary judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Bouldis v. U. S. Suzuki Motor Corp., 711 F.2d 1319, 1324 (6th Cir. 1983); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). The evidence must be viewed in a light most favorable to the party opposing the motion. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Bouldis v. U. S. Suzuki Motor Corp., supra. The burden of showing the non-existence of a material factual dispute is on the movant, and therefore the party opposing the motion is not required to respond in order to prevail. Smith v. Hudson, supra. However, once the movant has introduced affidavits, the burden is on the other party to create an issue of fact by responding with similar evidence. FDIC v. Investors Associates X, Ltd., 775 F.2d 152 (6th Cir. 1985). Plaintiff did not present any affidavits opposing defendants' motion, but merely claimed that defendants had made unspecified 'false' statements. Under these circumstances, defendants' affidavits are unopposed.
 
 
 6
 Plaintiff first claimed an equal protection violation because he was transferred before he could finish his vocational program and a white inmate was not. Defendants presented affidavits stating that plaintiff was transferred to relieve overcrowding, and the white inmate named in the complaint was also transferred. In addition, plaintiff had completed 698 hours of vocational instruction without completing the trade while the average number of hours necessary for completion was between 350-400 hours. Construing the complaint liberally, see Haines v. Kerner, 404 U.S. 519 (1972), plaintiff has failed to allege a racial animus necessary to support a claim that his transfer violated equal protection. The complaint also fails to state a claim insofar as it alleges a deprivation of the vocational and educational opportunities. There is no constitutional right to vocational or educational programs in prisons. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Garza v. Miller, 688 F.2d 480 (7th Cir. 1982), cert. denied, 459 U.S. 1150 (1983); Madyun v. Thompson, 657 F.2d 868 (7th Cir. 1981); see also Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978).
 
 
 7
 Plaintiff also alleged that his work assignment at the transferee institution amounted to involuntary servitude, presumably in violation of the thirteenth amendment. However, compelling prisoners to work does not violate the thirteenth amendment. Ray v. Mabry, 556 F.2d 881 (8th Cir. 1977). Although prison work requirements can violate the eighth amendment if the work endangers the inmates' life or health, see Ray v. Mabry, supra, plaintiff has not alleged facts showing that his work assignment posed these dangers. His claim of denial of medical treatment must also fail for similar reasons. A prisoner in a section 1983 action claiming that medical treatment violated his civil rights must allege acts or omissions amounting to a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Byrd v. Wilson, 701 F.2d 592 (6th Cir. 1983). An allegation of mere negligence in diagnosis or treatment is not actionable under section 1983. Estelle v. Gamble, supra; Byrd v. Wilson, supra, 701 F.2d at 595 n. 2. A claim of inadequate medical treatment may state a constitutional claim if the treatment rendered is 'so woefully inadequate as to amount to no treatment at all.' Westlake v. Lucas, 537 F.2d 857, 860-861 (6th Cir. 1976). Plaintiff alleged that he was not given his 'medication' for stomach pain even though his name was on the sick call list. Plaintiff's 'medication' was merely an over-the-counter antacid. He also alleged that he was x-rayed after he was transferred. He does not claim any injury or illness. These claims do not indicate a serious medical need.
 
 
 8
 Plaintiff's final claim is that his sister sent him a package in the mail which was returned to her marked 'Return to sender, moved left no address, moved not forwardable.' He alleged that this incident was deliberate discrimination against him. He also claimed that his personal property was not transferred with him. Prisoners have a right to reasonable correspondence with people outside of prison. See Davidson v. Scully, 694 F.2d 50 (2d Cir. 1982); Watts v. Brewer, 588 F.2d 646 (8th Cir. 1978). However, a single instance where a prisoner fails to receive mail does not rise to a constitutional violation. See Guffey v. Trago, 572 F.Supp. 782 (N.D. Ind. 1983); see also Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972). In addition, plaintiff has not alleged that he has been deliberately deprived of his property or that state remedies for its recovery are inadequate. See Daniels v. Williams, ---- U.S. ----. 106 S.Ct. 662 (1986) (plaintiff must allege intentional deprivation of life, liberty or property and absence of adequate state remedies to state a claim for due process violation); Parratt v. Taylor, 451 U.S. 527 (1981); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, ---- U.S. ----, 105 S.Ct. 125 (1984).
 
 
 9
 Plaintiff also raises a claim in his brief that the prison law library is inadequate. This Court will not consider issues not raised in the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214 (6th Cir. 1985); Sigmon Fuel Co. v. TVA, 754 F.2d 162 (6th Cir. 1985).
 
 
 10
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation