724 F.Supp. 1193 (1989)
Anthony Ray SOLOMON, Plaintiff,
v.
Gary T. DIXON, et al., Defendants.
No. 88-589-CRT.
United States District Court, E.D. North Carolina, Raleigh Division.
September 5, 1989.
*1194 Anthony Ray Solomon, pro se.
Lacy H. Thornburg, North Carolina Atty. Gen., Dept. of Justice, and Valerie L. Bateman, Associate Atty. Gen., Raleigh, N.C., for defendants.

ORDER
JAMES C. FOX, District Judge.
Plaintiff has instituted this Title 42 U.S.C. § 1983 action against the following defendants: Gene T. Cousins, Deputy Prison Warden at Central Prison; William E. Crump, a Correctional Sergeant; Gary T. Dixon, Warden at Central Prison; Homer M. Godfrey, a Correctional Captain; George L. Jones, Food Service Supervisor III; Bennie A. Mack, a Correctional Programs Director I; Charlie C. Owens, a Correctional Programs Supervisor; and Bobby R. Watson, Associate Warden for Operations at Central Prison.
Plaintiff raises three claims under § 1983. First, plaintiff claims that defendants endangered his health in violation of the eighth amendment by "intentionally" assigning him to work in Central Prison's *1195 industrial plant. Specifically, plaintiff alleges that his exposure to a fumigant chemical and the lack of adequate ventilation caused him to experience breathing difficulties, which were exacerbated by prior lung damage from a stab wound. Plaintiff also alleges that he experienced skin rashes and pain in his left foot, which he had previously injured in a chain saw accident.
Second, plaintiff claims that defendants Jones and Owens were involved in a conspiracy to endanger plaintiff's life. Third, plaintiff claims that each defendant verbally harassed him, thereby causing him "mental and emotional anguish."
Defendants have filed a motion to dismiss, or alternatively, a motion for summary judgment. Plaintiff has been issued a Rule 56(e) letter to which he has responded. This matter is now ripe for disposition.
The court first addresses defendants' assertion that the complaint should be dismissed on the basis that plaintiff's claim that his work assignment endangered his health is barred by the principles of res judicata and collateral estoppel. The court finds that plaintiff is estopped from bringing this claim under § 1983 for the following reasons.
Plaintiff brought a claim of negligence against defendants Dixon and Mack based on the same facts alleged to support his present civil rights claim that his work assignment endangered his health. Anthony Ray Solomon v. North Carolina Department of Corrections, I.C. No. TA-10505. Plaintiff initiated the action by filing an affidavit with the North Carolina Industrial Commission pursuant to the provisions of the North Carolina Tort Claims Act, N.C.Gen.Stat. § 143-291, et seq. The Decision and Order of the Deputy Commissioner, dated July 8, 1988, was issued following a hearing. In her Order, the Deputy Commissioner presiding over the case found that plaintiff's job assignment was within his capacity and was not harmful to his health.[1] Consequently, plaintiff's case was dismissed. Plaintiff apparently did not appeal the decision.
Under the doctrine of collateral estoppel, issues that have been fully and fairly litigated may not be relitigated in subsequent suits involving a party to the first case, as a general rule. Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). When an issue of fact or law actually litigated and determined is essential to the judgment, the determination is conclusive in a subsequent claim. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir.1975). Collateral estoppel differs from res judicata[2] in that privity of both parties is not necessary in a second suit involving an issue previously litigated and decided. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).
Under 28 U.S.C. § 1738, federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." Kremer v. Chemical Const. Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The Supreme Court furthermore has held that actions brought under 42 U.S.C. § 1983 are not immune from the doctrines of claim preclusion and issue preclusion. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Rimmer v. Fayetteville Police Department, 567 F.2d 273, 276 (4th Cir.1977). The rules of claim and issue preclusion based on state court judgments, furthermore, have been held applicable to subsequent federal actions brought under 42 U.S.C. § 1983. Migra v. Warren City *1196 School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).
The North Carolina Tort Claims Act, N.C.Gen.Stat. § 132-291 et seq., sets forth the procedures for bringing a negligence action against the State. Under that Act, the North Carolina Industrial Commission is "a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." Adversary hearings are held before a Deputy Commissioner. Decisions of the Deputy Commissioner are appealable to the full Industrial Commission pursuant to N.C. Gen.Stat. § 143-292 and, thereafter, to the North Carolina Court of Appeals as set forth in N.C.Gen.Stat. § 143-293. Under the doctrine of collateral estoppel, therefore, findings of fact made by a Deputy Commissioner which are not appealed are conclusive, and may not be relitigated in subsequent proceedings.
At the hearing before the Deputy Commissioner, the plaintiff represented himself. The record indicates that the issue of the defendant's responsibility and culpability in this incident was fully and fairly litigated. The Deputy Commissioner's finding that plaintiff's job assignment in the plant was within his capacity and not harmful to his health therefore must be applied to the case at hand. A prisoner may prove a § 1983 claim for cruel and unusual punishment under the eighth amendment if he demonstrates that prison officials have been deliberately indifferent to a serious medical need, Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), or that prison officials knowingly compelled him to do work which (1) caused undue pain; or (2) endangered the prisoner's life or health; or (3) exceeded the prisoner's physical capacity. Toombs v. Hicks, 773 F.2d 995, 997 (8th Cir.1985). Under any of the above legal standards, an essential element of plaintiff's claim that his work assignment endangered his health is proof of harm to his health.
The Deputy Commissioner decided this essential element against plaintiff when she found that plaintiff's job assignment in the plant was within his capacity and not harmful to his health.[3] Consequently, plaintiff is collaterally estopped from relitigating the same issue in his § 1983 suit. Plaintiff, accordingly, cannot maintain a claim under § 1983 alleging that defendants violated his constitutional rights based on the same facts presented in support of his claim brought under the North Carolina Tort Claims Act. For these reasons, plaintiff's eighth amendment claim of cruel and unusual punishment on the part of defendants in "intentionally" assigning plaintiff to work in the industrial plant is DISMISSED.
Plaintiff's allegations in support of his claim that defendants Jones and Owens engaged in a conspiracy to endanger plaintiff's life are conclusory. In their affidavits, both defendant Jones and Owens denied plaintiff's conspiracy allegations. Inasmuch as plaintiff fails to support his conclusory allegations of conspiracy with specific facts, see Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir.1977), cert. denied, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978), and has failed to file any counter-affidavits on this issue, plaintiff fails to raise a genuine issue of fact so as to preclude the granting of summary judgment, or motion to dismiss, in favor of the moving defendants. See Roberts v. Hochstetler, 592 F.Supp. 703, 707 (Ind.1983). Accordingly, plaintiff's conspiracy claim and the allegations in support thereof against defendants Jones and Owens are DISMISSED.
Lastly, plaintiff's allegations in support of his claim that his constitutional rights were violated when defendants engaged in various conversations and caused plaintiff "mental and emotional anguish" are conclusory and fail to present a viable *1197 constitutional claim. Verbal abuse by correctional officers, without more, does not state a claim under 42 U.S.C. § 1983. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). Furthermore, slander or defamation does not constitute a basis upon which relief may be granted under § 1983. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Accordingly, plaintiff's allegations in support of his claim for verbal harassment are DISMISSED.
In summary, for the reasons stated above, defendants' motion to dismiss, or alternatively, motion for summary judgment, is GRANTED as to all of plaintiff's claims and this action is DISMISSED.
SO ORDERED.
NOTES
[1] The Deputy Commissioner also found that plaintiff had failed to show that defendants Dixon or Mack had breached any duty owed to plaintiff to exercise due care for plaintiff's health.
[2] The essential elements of res judicata are: "(1) A final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Nash County Board of Education v. Biltmore Co., 640 F.2d 484, 486 (4th Cir.1981), cert. denied, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981).
[3] The finding that plaintiff's job assignment was within his capacity negates a showing that plaintiff's work caused him undue pain or exceeded his physical capacity, while the finding that plaintiff's job was not harmful to his health negates a showing that plaintiff's work endangered his life or health, as well as precludes a showing of a serious medical need.