**Lee X. FRANKLIN, Appellant,**

v.

**A.L. LOCKHART, Appellee.**

**No. 89–2483.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 21, 1989.

Decided Nov. 22, 1989.

Lee X. Franklin, pro se.

Steve Clark, Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and McMILLIAN and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Lee X. Franklin, a state prisoner, appeals pro se from a final order entered in the District Court for the Eastern District of Arkansas dismissing his civil rights complaint as frivolous. For the reasons discussed below, we affirm in part and reverse in part and remand the case with directions.

In his pro se complaint Franklin alleged that his assignment to the prison hoe squad constituted cruel and unusual punishment in violation of the eighth amendment. He also alleged that he was a Muslim and that this job assignment was discriminatory and violated his first amendment rights to freedom of religion because the work required him to handle manure and dead animals. Franklin was granted leave to proceed in forma pauperis. The magistrate found that Franklin's complaints about his prison

job assignment did not state a constitutional violation and recommended that the district court dismiss the complaint as frivolous.

Franklin filed objections to the recommendation and report of the magistrate. Franklin repeated his original allegations and specifically argued that, among other things, at times he is forced to work beyond his physical capacity and, when assigned to the prison hoe squad, he is required to handle manure and dead animals in violation of his religion. The district court adopted the recommendation and report of the magistrate and dismissed Franklin's complaint as frivolous. This pro se appeal followed.

 We agree that Franklin's complaint is frivolous to the extent that it sought a declaration that assignment to the prison hoe squad is cruel and unusual punishment per se in violation of the eighth amendment. The part of the district court order dismissing that portion of Franklin's complaint is affirmed. However, in his complaint and in his objections to the magistrate's recommendation and report, Franklin specifically alleged that this prison job assignment denied him free exercise of his religious beliefs and that he was forced to work beyond his physical capacity. We hold the district court erred in dismissing this portion of the complaint as frivolous because these specific allegations, if true, would constitute violations of the first and eighth amendments and would entitle Franklin to relief. *See, e.g., Nash v. Black*, 781 F.2d 665, 668 (8th Cir.1986).

Accordingly, we affirm in part and reverse in part and remand the case to the district court with directions. The district court is directed to refer the case to the magistrate for further proceedings. On remand the magistrate should make proposed findings about what kind of work prisoners assigned to the hoe squad are required to do, specifically whether prisoners assigned to the hoe squad must handle manure and dead animals; whether the handling of manure and dead animals violates the Moslem faith; whether Franklin sought, or required, medical treatment as a result of his prison work assignments; and whether Franklin was forced to work beyond his physical capacity.