904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Ray SOLOMON, Plaintiff-Appellant,
v.
Gary T. DIXON; Bobby R. Watson; William E. Crump,
Sergeant; Homer M. Godfrey, Captain; Carvin Strickland;
Bennie A. Mack, Jr.; George L. Jones; Charlie C. Owens;
Gene T. Cousins, Defendants-Appellees.
 No. 89-6859.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1990.
Decided: May 29, 1990.
Rehearing Denied June 28, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (C/A No. 88-589-CRT).
 Anthony Ray Solomon, appellant pro se.
 Valerie Bateman, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellees.
 E.D.N.C., 724 F.Supp. 1193.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Ray Solomon appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion reveals that Solomon's appeal of the dismissal of his claims of conspiracy and verbal abuse is without merit; consequently, we affirm on the reasoning of the district court. We also find that Solomon's claim concerning his prison work assignments is without merit, but for reasons different from those given by the district court.
 
 
 2
 Prior to the instant civil action from which this appeal arises, Solomon filed a claim with the North Carolina Industrial Commission against the North Carolina Department of Corrections and its staff workers. That claim also related to Solomon's prison work assignment and alleged facts essentially identical to those later raised before the district court. The earlier administrative action was found by the adjudicator to be without merit. Solomon failed to appeal that decision.
 
 
 3
 In the civil action underlying this appeal, the district court applied the full faith and credit clause of Article IV, as implemented by 28 U.S.C. Sec. 1738, to the unappealed state administrative decision and found that Solomon was precluded from relitigating the same issues in his Sec. 1983 action. Section 1738, however, governs only the preclusive effect to be given judgments and records of state courts. University of Tennessee v. Elliott, 478 U.S. 788, 794 (1986). In the absence of a statute, federal common law rules of preclusion have often been applied. Id. As long as a state agency " 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' ... federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's court." Elliott, 478 U.S. at 799 (quoting United States v. Utah Construction & Mining Co., 384 U.S. 394, 422 (1966)).
 
 
 4
 The analysis is thus whether the administrative hearing satisfied the standard set out in Utah Construction & Mining Co., 384 U.S. at 422, and whether the state court would accord preclusive effect to the administrative decision. See Elliott, 478 U.S. at 799 n. 8. The first prong of this analysis inquires into the safeguards that justify invoking the doctrine of collateral estoppel: (1) the fact or legal question at issue was decided by a court of competent jurisdiction; (2) if the "court" is an administrative agency, it was acting in a judicial capacity; and (3) the parties had a full and fair opportunity to litigate the underlying issues. McCulty v. Rockefeller, 570 F.Supp. 1455, 1459 (S.D.W.Va.1983) (citing Montana v. United States, 440 U.S. 147, 153 (1979); Utah Construction & Mining Co., 384 U.S. at 422; and Allen v. McCurry, 449 U.S. 90, 95 (1980)). A determining factor in gauging whether a full and fair opportunity to litigate was had is whether the parties and the agency had an expectation that the agency's determinations of fact would be final, which would create an incentive to fully litigate the claim. McCulty, 570 F.Supp. at 1459; see Grose v. Cohen, 406 F.2d 823 (4th Cir.1969) ("A decision that is subject to being reopened provides an inappropriate bar."); Gear v. City of Des Moines, 514 F.Supp. 1218, 1221 (S.D.Iowa 1981) (decision to apply collateral estoppel to administrative decisions turns on, inter alia, the deference accorded administrative decision by state courts and expectations of the agency and the parties regarding judicial retrial of factual questions).
 
 
 5
 N.C.Gen.Stat. Sec. 143-291 designates the Industrial Commission a "court" for purposes of conducting a hearing to determine questions of negligence and extent of harm. Under N.C.Gen.Stat. Sec. 143-292, a complaint is first heard before an individual commissioner. The appeal route is to the full commission and then to the court of appeals. On appeal, the full commission is entitled to make its own findings of fact and conclusions of law and to allow further evidence. N.C.Gen.Stat. Sec. 143-292; Braswell v. North Carolina AT & T State Univ., 5 N.C.App. 1, 168 S.E.2d 24 (1969).
 
 
 6
 Here, because Solomon's case before the Industrial Commission was subject to being reopened at the next level of appeal, the parties could have no expectation that determinations of fact would be final. Accordingly, there was no real incentive to litigate the claim fully since more evidence could be introduced in another proceeding. See McCulty, 570 F.Supp. at 1459. Because Industrial Commission hearings fail to satisfy the first prong of this analysis, there is no need to inquire into the state's laws on claim preclusion.
 
 
 7
 Rather than remand this case for further proceedings in the district court, we find that the record is sufficiently complete to dispose of Solomon's claims in this Court. Solomon claims he was made to suffer cruel and unusual punishment by his work assignment in the prison's Metal Tag Plant. He claims that earlier injuries to his foot and lungs rendered him unfit for working in the plant. Solomon's foot injury, which precluded prolonged standing, was documented in his medical records; he was given a chair on which he could perform all his duties. Solomon's lung problems were not documented, and although he was advised to seek a medical evaluation to determine if his work was hazardous to his health, he failed to do so.
 
 
 8
 Recovery under Sec. 1983 for dangerous work assignments is limited to situations in which prison officials knowingly compel a prisoner to perform work that endangers his health or causes undue pain. Toombs v. Hicks, 773 F.2d 995 (8th Cir.1985). The only reliably accurate knowledge of a health risk can be found in the inmate's prison medical record. Id. Solomon's only documented medical problem was his foot injury, and the record shows that defendants made reasonable accommodations for Solomon at work because of this problem. Assuming arguendo that Solomon's health was endangered by his work assignment because of problems with his lungs, he is not entitled to relief because defendants cannot be charged with a knowing violation of his rights.
 
 
 9
 Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED