Lee X. FRANKLIN, Appellant,

v.

J. BANKS; A.L. Lockhart; W. Sargent, Appellees.

No. 91–3497.

United States Court of Appeals, Eighth Circuit.

Submitted July 24, 1992.

Decided Nov. 20, 1992.

Appellant, pro se.

Melissa K. Rust, Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Lee X. Franklin, an Arkansas inmate, appeals from the final judgment entered in the United States District Court[1] for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 complaint against Classification Officer James Banks, Director A.L. Lockhart, and Warden Willis Sargent. He alleged constitutional violations arising out of his work assignment to the prison hoe squad. For reversal, Franklin argues that the record does not support the district court's findings. We affirm.

In *Franklin v. Lockhart*, 890 F.2d 96 (8th Cir.1989), this court affirmed the district court's 28 U.S.C. § 1915(d) dismissal of the portion of Franklin's complaint seeking a declaration that assignment to the hoe squad is per se cruel and unusual punishment. The court reversed the part of the order dismissing as frivolous Franklin's allegations that while assigned to the prison hoe squad, he was forced to work be-

yond his physical capacity in violation of the Eighth Amendment and to handle manure and dead animals in violation of his Muslim religion. This court remanded with directions to refer the case to the magistrate judge to make proposed findings about the kind of work prisoners assigned to the hoe squad are required to do, specifically "whether prisoners ... must handle manure and dead animals; whether the handling of manure and dead animals violates the Moslem faith; whether Franklin sought, or required, medical treatment as a result of his prison work assignments; and whether Franklin was forced to work beyond his physical capacity." *Id.* at 97.

After the magistrate judge held an evidentiary hearing, he concluded:

[ (1) ] [H]oe squad inmates may occasionally encounter small dead animals, bones or manure, [but] they are not assigned or obligated to handle such items. Any contact is infrequent and incidental to other duties.

. . . .

[ (2) ] There is no [religious] prohibition demonstrated against handling bones, and contact with manure would be no more disqualifying from prayer than other forms of uncleanliness, e.g., mud or vegetable matter.

. . . .

[ (3) ] [Franklin] did, from time to time, suffer from episodes of back pain that were brought on by the exertion of chopping cotton, long periods of standing and bending, and the like.

. . . .

[ (4) ] [Franklin] has, on isolated occasions, worked beyond his physical capacity.... [O]n some occasions he would have exerted himself to the point beyond which he could not function without pain.... [N]either defendant knew of the random instances when [Franklin] would work beyond his capacity. The magistrate judge credits the testimony of [the chief of security] that the system of

---

**1.** The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommenda-

tions of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

accountability should prevent persons from being required to work over their ability, and should allow for such persons to be identified and moved down to slower, less strenuous squads.

Slip op. at 4–8 (footnote omitted). Overruling Franklin's objections, the district court adopted the magistrate judge's proposed findings and dismissed the complaint.

In his timely appeal, Franklin argues that the district court's findings were not supported by the record; that the district court misinterpreted the beliefs of the Nation of Islam; that, because there was objective evidence of residual disability as to his back and the district court found that his hoe squad activities caused him to suffer back pains, the district court erred in not finding that his assignment to the hoe squad was improper; and that the district court erred in concluding that defendants did not know of the random instances when he was forced to work beyond his physical capacity, because he had 165 sick call appearances, he had received "many disciplinaries" for refusing to work in order to avoid working beyond his physical capacity, and defendants had affirmed the disciplinaries on appeal.

■■■ Upon careful review of the record, including the transcript of the evidentiary hearing, we conclude Franklin's argument that the district court's findings were clearly erroneous is without merit. A factfinder's determinations regarding the credibility of witnesses is entitled to deference. *Tart v. Levi Strauss & Co.*, 864 F.2d 615, 617 (8th Cir.1988). A trial court's decision to credit the testimony of some witnesses over others, where each has told a plausible story, will virtually never be clear error. *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). There was testimony supporting the district court's findings that inmates assigned within each hoe squad do the same amount of work; that they are not required to handle manure or dead animals, although they may contact them incidentally; that the religious prohibition against handling swine is honored by the field supervisor, and that Franklin had not shown an absolute religious prohibition against handling bones or manure; that Franklin had sustained job-related injuries but did not complain to defendants in the case; and that there was ample opportunity for Franklin to express his concerns about his inability to do the work or to request a reassignment to a less strenuous squad through the chain of command.

■■■ " '[F]or prison officials knowingly to compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eighth Amendment....' " *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977) (per curiam) (quoting *Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D.Ark.1965)). Courts have also been especially cautious about condoning conditions that include an inmate's proximity to human waste. *See Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir.1990). The facts, however, do not support Franklin's contention that the prison officials knowingly compelled him to work beyond his ability.

■■■ Although Franklin argues that defendants knew that he believed he could not do the work, because they reviewed the administrative appeals of his disciplinaries for refusal to work, Franklin did not show that in those appeals he raised the defense of inability to do the work. Thus, the district court's finding that defendants did not know about Franklin's complaints is supported in the record.

Accordingly, we affirm the judgment of the district court.