16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Donald L. BROWN, Appellant,
v.
Willis H. SARGENT, Warden, Cummins Unit, Arkansas Department
of Correction; A. Bradberry, Assistant Warden, Cummins
Unit, Arkansas Department of Correction; Bill Marks,
Infirmary Director, Cummins Unit, Arkansas Departmnet of
Correction, Appellees.
 No. 93-1892.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 7, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald L. Brown, an Arkansas prisoner, appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action claiming that prison officials required him to work beyond his physical capacity. We affirm.
 
 
 2
 In 1991, the Arkansas Department of Correction (ADC) created the field utility squad. Pursuant to an administrative directive, a classification meeting was held and many prisoners-including Brown-were assigned to the field utility squad. Brown was classified as M-3, with the additional limitation, due to a prior injury, of no prolonged running, jumping, crawling, stooping, walking, or standing. Defendants Willis Sargent, A. D. Bradberry, and Bill Marks were all present at the meeting. Later, Brown was reassigned to an inside job, after complaining about the field utility squad.
 
 
 3
 On April 24, 1992, Brown pro se filed this section 1983 action against defendants seeking damages for pain and suffering stemming from his short assignment to the field utility squad. Brown moved for appointment of counsel and to compel defendants to provide him with a copy of his medical records. Both motions were denied, but the court ordered the defendants to allow Brown to review his medical records. After an evidentiary hearing, the magistrate judge recommended dismissal of the action because Brown failed to establish that the defendants acted with deliberate indifference. The district court, over Brown's objections, adopted the report and dismissed the action. On appeal, Brown reiterates his Eighth Amendment claim, asserts that the district court incorrectly denied his motions, and argues that the district court improperly prevented him from testifying about his claim that he was denied proper footwear.
 
 
 4
 The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' safety. Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991), cert. denied, 112 S. Ct. 1212 (1992). In the work assignment context, prison officials are deliberately indifferent when they knowingly force inmates to perform work which is beyond their strength, dangerous to their lives or health, or unduly painful. Choate v. Lockhart, No. 92-3526, 1993 WL 429108, * 2 (8th Cir. Oct. 26, 1993); Franklin v. Banks, 979 F.2d 1330, 1332 (8th Cir. 1992). " [D]eliberate indifference requires a highly culpable state of mind approaching actual intent." Choate, 1993 WL 429108 at * 2. We review de novo the district court's conclusion of no Eighth Amendment violation. Id.
 
 
 5
 Brown argues that he was made to work beyond his physical capacity because defendants knew his medical limitations, knew the nature of field utility work, and yet assigned him to the field utility squad. Brown offered no proof that the defendants knew that he could not do the work. Rather, defendants reassigned Brown to the field utility squad pursuant to a new administrative directive, and his assignment was in keeping with his medical limitation prohibiting prolonged activity. Brown failed to establish that defendants acted with the requisite state of mind.
 
 
 6
 The magistrate judge did not abuse his discretion in denying appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992). Brown raised only one issue that was not factually or legally complex, and his pleadings and discovery convincingly demonstrated his considerable legal abilities.
 
 
 7
 The district court correctly denied the motion to compel and directed the defendants to make Brown's medical records available for his review. The magistrate judge correctly limited testimony to the issues raised in the complaint. See Fed. R. Civ. P. 15(b) (judge has discretion to allow or refuse testimony and amendment of complaint when issues raised are "not within the issues made by the pleadings.").
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas