19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Japhus L. DOOLEY, also known as Briggs, Appellant,
v.
Brooks PARKS, Classification Officer, Wrightsville Unit,
Arkansas Department of Correction, Appellee.
 No. 93-1584.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 7, 1994.
Filed: March 23, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Japhus L. Dooley appeals from the final order entered in the District Court[1] for the Eastern District of Arkansas, granting judgment to Brooks Parks in Dooley's 42 U.S.C. Sec. 1983 action. For the reasons discussed below, we affirm.
 
 
 2
 Dooley alleged in his complaint that he suffers from a seizure disorder and mental problems and that, upon his transfer to the Wrightsville Unit, Classification Officer Parks assigned him to work in the graphic arts department, which was not consistent with his medical classification. Dooley subsequently received a conduct violation, a loss of class, and punitive detention when he refused to follow an order by security personnel to return to graphic arts. After Dooley was released from punitive detention, Parks assigned him to the hoe squad, again allegedly not in accordance with his medical classification. Dooley claimed that he was forced to work beyond his capacity and was disciplined for refusing to work after becoming dizzy with severe head pains. Dooley sought damages.
 
 
 3
 After a bench trial, the magistrate judge noted that the testimony reflected that, on April 4, 1991, Parks assigned Dooley to the graphic arts department after he reviewed Dooley's institutional record and medical classification forms, but that he did not make a specific assignment within graphic arts. After Dooley refused an order to return to graphic arts, a security officer charged Dooley with failure to obey a verbal or written order and with insolence to a staff member. Dooley was found guilty of the charges. Upon his release from punitive segregation, Parks assigned Dooley to the hoe squad because he had received a conduct violation and because Parks believed the duties were within his medical capacity. Dooley filed a grievance contesting his assignment to graphic arts and to the hoe squad on the basis of his medical classification. The warden responded that Dooley's medical restriction did not prevent him from working on the hoe squad as long as he could rest every two hours.
 
 
 4
 The magistrate judge noted that the disciplinary records reflected that, on April 10, 1991, another officer charged Dooley with failing to obey orders and causing disruption on the hoe squad line. Dooley stated at the disciplinary hearing that he got dizzy and had asked for a break. Relying on a report that Dooley was able to work in the field, the hearings officer found Dooley guilty of the violation and sentenced Dooley to punitive detention. Dooley testified that he was again sent to the hoe squad after serving his detention. The magistrate judge found that, on May 13, 1991, Dooley's medical classification was changed, but that Parks did not assign Dooley to the hoe squad after May 13.
 
 
 5
 The magistrate judge concluded that Dooley had not shown that working in graphic arts was beyond his medical classification and that Parks did not knowingly compel Dooley to work beyond his capacity. As for his assignments to the hoe squad before May 13, the evidence indicated that Parks thought Dooley was capable of working on the hoe squad for periods not exceeding two hours on the basis of his medical classification and a medical opinion. Thus, Parks did not knowingly compel Dooley to work beyond his physical capacity. The magistrate judge also concluded that Dooley did not link Parks to any hoe squad assignment after May 13. In addition, the magistrate judge concluded that Dooley did not show that any wrongdoing was objectively harmful enough to establish an Eighth Amendment violation-he did not demonstrate extreme deprivation or more than de minimis harm. The magistrate judge found that Dooley had not connected Parks to the two disciplinaries and that the disciplinaries were supported by some evidence. Accordingly, the magistrate judge granted judgment to Parks.
 
 
 6
 On appeal, Dooley reasserts his arguments that he was compelled to work beyond his capacity and that he was disciplined for refusing to work. He also argues a conspiracy existed between court personnel and Parks's attorney to have his lawsuit dismissed. Dooley has filed a motion for a restraining order against prison officials on the classification committee at the Cummins Unit where he is now housed. He also moves for appointment of counsel on appeal and for release of his medical records, or in the alternative to issue subpoenas.
 
 
 7
 We review the magistrate judge's findings, sitting as a district court by consent of the parties, under the clearly erroneous standard. A de novo standard of review is applied in " 'determining whether the established facts fall within the relevant legal definition.' " Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) (quoting Falls v. Nesbitt, 966 F.2d 375, 377 (8th Cir. 1992)).
 
 
 8
 Prison officials violate the Eighth Amendment, as incorporated by the Fourteenth Amendment, if they knowingly compel a prisoner to do work which (1) causes undue pain; (2) endangers the prisoner's life or health; or (3) exceeds the prisoner's physical capacity. East v. Lemons, 768 F.2d 1000, 1001 (8th Cir. 1985). As a type of conditions-of-confinement case under the Eighth Amendment, a work assignment case requires proof of deliberate indifference. Choate v. Lockhart, 7 F.3d at 1373. After careful review of the evidence, including the trial transcript, we conclude that the magistrate judge's findings of fact are not clearly erroneous and that the evidence supports the magistrate judge's conclusion that Parks was not deliberately indifferent. Dooley did not show that the job assignments for which Parks was responsible were inconsistent with his medical classification and did not link Parks to any post-May 13 hoe squad assignment. In addition, the magistrate judge properly found that Dooley did not link Parks to the disciplinary actions taken against him. Dooley's conspiracy arguments are without merit.
 
 
 9
 Accordingly, we affirm the judgment. Dooley's requests for his medical records and for appointment of counsel are denied, and his motion for a restraining order is denied without prejudice.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)