Dennis P. GLICK, Appellant,

v.

A.L. LOCKHART, Director, Larry Norris, Warden, Maximum Security Unit, Arkansas Department of Correction, Appellees.

No. 84–2622.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1985.

Decided April 17, 1985.

1. The Hon. Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

Dennis P. Glick, pro se.

A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Appellant Dennis P. Glick appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 complaint. For reversal Glick argues the district court erred in finding that his complaint failed to state a claim under 42 U.S.C. § 1983. For the reasons outlined below, we affirm.

Glick, an inmate of the Arkansas Department of Correction, filed this section 1983 action seeking declaratory and injunctive relief and damages. Glick, who is serving a life sentence plus two hundred and eleven years, alleges that he is being incarcerated in the Maximum Security Unit of the Arkansas Department as punishment for refusing to work outside the prison compound. Glick contends that his history, which includes two escapes and two assaults on other prisoners, and his treatment with "psychotrophy" drugs, makes him a threat to himself and those around him if he is compelled to work outside the prison compound. Thus, Glick contends

that being punished for refusing to work is unconstitutional under the eighth and fourteenth amendments to the United States Constitution.

Glick's contentions are without merit. This circuit has followed the general rule that "compelling prison inmates to work does not contravene the thirteenth amendment." *Mosby v. Mabry*, 697 F.2d 213, 215 (8th Cir.1982).

Glick cites the eighth and fourteenth amendments; however, he has not stated any facts showing that his being compelled to work amounts to cruel and unusual punishment in these circumstances or indeed any lack of due process. In short, Glick's action has raised no colorable constitutional issue.

Accordingly, on the basis of the findings of the district court, the judgment of that court is affirmed. *See* 8th Cir.R. 14.

---

1. The Honorable Elsijane T. Roy, United States District Judge, Eastern and Western Districts of Arkansas.