803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEIF CHRISTIAN HALVORSEN, Plaintiff-Appellant
v.
GENE SCROGGY, et al., Defendants-Appellees
 No. 86-5140.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 1
 BEFORE: ENGEL, KRUPANSKY and RYAN, Circuit Judges
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is a death row inmate at the Kentucky State Penitentiary in Eddyville, Kentucky. The defendants are the warden and various prison officials. After a disturbance in which some prisoners threw food and garbage on the walkway outside his cell, the plaintiff, among others, was requested to clean up the walkway. He refused. The prison officials then took all his personal property from his cell for a period of five days and later subjected him to disciplinary proceedings which resulted in a fifteen day suspended sentence.
 
 
 4
 The plaintiff's complaint alleges that the prison officials violated his constitutional rights by subjecting him to group punishment. He cites the case of Blake v. Hall, 668 F.2d 52, 58 (1st Cir. 1981), cert. denied, 456 U.S. 983 (1982), for the proposition that well-behaved prisoners should not suffer cruel and unusual punishment because of the actions of some disruptive prisoners.
 
 
 5
 Blake can be distinguished from the present case because here the plaintiff was given a direct order to clean the walkway and he refused. He was not punished as a member of a group for activity he may not have committed. Rather, he was punished for refusing to work. It is not a constitutional violation to compel an inmate to work. Glick v. Lockhart, 759 F.2d 675, 676 (8th Cir. 1985) (per curiam); Mosby v. Mabry, 697 F.2d 213, 215 (8th Cir. 1982) (per curiam). The district court did not err in dismissing the case.
 
 
 6
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.