STATE of Missouri,
Plaintiff–Respondent,

v.

Kenneth CHARRON,
Defendant–Appellant.

No. 51278.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Claude Hanks, Creve Coeur, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant, Kenneth George Charron, was convicted by a jury in the Circuit Court of the City of St. Louis of four counts: forcible rape, in violation of Section 566.-030, RSMo; two counts of robbery in the second degree, in violation of Section 569.-030, RSMo, and burglary in the first degree, in violation of Section 569.160, RSMo. He was sentenced by the court, as a prior and persistent offender, to three terms of life imprisonment and one term of thirty

years, said sentences to be served consecutively.

Dorothy Winston, age 79, resides in a first floor flat at 3118 Texas in the City of St. Louis. The second floor flat is occupied by Mrs. Winston's 59 year old daughter, Evelyn Glasscock, and her husband Paul Glasscock. Both Paul and Evelyn are deaf mutes. On the evening of April 15, 1985, two young men came to Mrs. Winston's flat looking for Evelyn's son John Glasscock. After Mrs. Winston informed the men that John was not home they left the house. About 10:00 p.m., however, they returned. Mrs. Winston found the two men standing in the kitchen. The two were later identified as Mark Powers and the defendant, Kenneth Charron. Mrs. Winston inquired as to why they were in her kitchen but there was no answer. When she told them to leave Powers attacked her with a screwdriver and forced her into a chair. He threatened her with the screwdriver, demanding that she give him some money. When she said that she had no money he found her purse and removed six dollars. While Powers was terrorizing Mrs. Winston, defendant ransacked the house pulling out drawers and throwing things on the floor. Unaware of what was going on, Evelyn entered her mother's kitchen and was confronted by Powers who pushed her to the floor and attempted to injure her eye with the screwdriver. Powers then dragged Evelyn into the living room. Defendant then raped Evelyn while Powers tried to do the same with Mrs. Winston on the sofa but was unsuccessful. After about thirty minutes, defendant and Powers switched positions with defendant going to the closet and taking some identification cards from Mrs. Winston's coat and Powers raping Evelyn. Before fleeing the scene, Powers removed one hundred dollars from Evelyn's pocket.

On appeal, defendant raises three points. First, that the trial court erred in convicting defendant of a class A rape, as the indictment only charged defendant with class B rape. Second, that the trial court erred in sentencing defendant to life terms for defendant's two convictions for second degree robbery because such sentencing exceeds the statutory limit. Third, that the trial court erred in permitting the codefendant to appear at defendant's trial dressed in prison garb because such attire prejudiced the jury against the defendant.

Before reaching the merits of defendant's first point we must note that defendant has provided this court with an incomplete legal file. Defendant complains that he was indicted for one crime and convicted of another. However, defendant has failed to provide this court with the instructions that were given to the jury. Without these instructions it is impossible to determine what crime the jury found defendant guilty of. Rule 30.04(a) clearly states that "the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either defendant or respondent." It is the burden of defendant to demonstrate error and therefore it is his duty to prepare and file a transcript which incorporates the proceedings below wherein the trial court erred. *State v. Clark*, 671 S.W.2d 1 (Mo.App. 1983). Under these circumstances defendant's first point is not reviewable on appeal. *Id.* Because of the severity of the sentence, however, we must still review the point under the plain error doctrine to the extent permissible on the record before us. The standard of review under the plain error doctrine is that the plain error complained of must impact so substantially upon the rights of the defendant that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986).

The defendant alleges in his first point that the trial court erred in convicting him of a class A rape in that the indictment only charged him with a class B rape. In support of his contention defendant directs this court to Section 566.030 RSMo 1979 which provides: [1]

---

1. The state in its brief concedes that the sentence imposed on the defendant was in error and urges this court to remand only for the purpose of resentencing. The state constructs a

1. A person commits the crime of rape if:

(1) He has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion; or

(2) He has sexual intercourse with another person to whom he is not married who is less than fourteen years old.

2. Rape is a class B felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon in a threatening manner, in which cases rape is a class A felony.

However, the statute on which defendant relies was not in effect on April 15, 1985, the date the rape was committed. Defendant was indicted under the new rape statute, Section 566.030 RSMo *Cum Supp* 1984, which went into effect on August 13, 1980. That statute provides:

1. A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion.

2. Forcible rape or an attempt to commit forcible rape as described in subsection 1 of this section is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is *life imprisonment* or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which cases forcible rape or an attempt to commit forcible rape is a class A felony. (Emphasis added).

■ The indictment charged that the defendant, "acting in violation of Section 566.030, RSMo committed the felony of forcible rape, punishable upon conviction under Section 566.030, RSMo, in that the defendant had sexual intercourse with EVELYN GLASSCOCK, to whom defendant was not married, without the consent of EVELYN GLASSCOCK, by the use of forcible compulsion." The indictment did not allege the other conditions which would cause it to be classified as a class A felony. The statute does not classify forcible rape as a class A or class B felony. The present rape statute provides its own punishment. The maximum sentence authorized for forcible rape is life imprisonment. Since punishment is provided for within the statute, any reference to sentencing guidelines listed in Section 558.011 is unnecessary. We find that the sentence imposed by the trial court was authorized by statute and was not erroneous. Point denied.

■ Defendant's second contention is that the trial court erred in sentencing defendant to life terms for two convictions of second degree robbery. Defendant was charged and convicted as a prior and persistent offender on two counts of second degree robbery in violation of Section 569.030, RSMo 1986. He was sentenced to two life sentences. Section 569.030.2 provides that, second degree robbery is a class B felony. Section 558.016.6(2) provides that the maximum extended sentence for a class B felony is a term of years not to exceed thirty years. The trial court has exceeded the maximum sentence. We remand for the limited purpose of resentencing the defendant on both counts in accordance with Section 558.016.6. *State v. Moore*, 633 S.W.2d 140, 147 (Mo.App.1982).

■ Defendant's final contention is that the trial court erred in permitting the codefendant to appear as a witness for the state dressed in prison garb. Defendant's attorney, however, failed to object at trial to the codefendant's wearing of prison garb. Defendant's point is without merit. This issue has not been preserved for our review. We, therefore, examine the issue for plain error. It is well established that a prisoner cannot be compelled to appear in court in identifiable prison clothing. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). We have held that it does not constitute reversible error

series of complex legal arguments all based on the erroneous statute cited by the defendant. A great teacher once said that "if the blind lead the blind, both shall fall into the ditch." Matthew 15:14.

for defendant to appear in prison garb where there was neither compulsion by the trial court for defendant to wear such attire, nor was defendant's clothing clearly recognizable as prison garb. *State v. Martin*, 624 S.W.2d 879 (Mo.App.1981). Furthermore, the failure to object to the wearing of prison clothing for whatever reason is sufficient to negate the presence of a constitutional violation. *State v. Green*, 674 S.W.2d 615 (Mo.App.1984).

In the case at bar, the record does not indicate that the witness was compelled to wear the prison garb by the trial court or that the clothing was recognizable as prison garb. We can find no prejudice to defendant by allowing the witness to be clothed in prison garb. The authorities cited by the defendant are distinguishable in that the complained of attire was worn by a defendant. Here it is a witness. We find no prejudice.

The judgment of the trial court is affirmed in part and reversed and remanded in part for resentencing.

STEPHAN, P.J., and DOWD, J., concur.