Kenneth G. CHARRON, Appellant,

v.

Governor Bob HOLDEN and Donna Coleman, Respondents.

No. WD 61747.

Missouri Court of Appeals,
Western District.

Aug. 5, 2003.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Kenneth G. Charron, Pacific, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, John Munson Morris, Bart A. Matanic, Assistant Attorneys General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Appellant Kenneth G. Charron, an inmate of the Missouri Department of Corrections and apparently a Canadian national, filed an action against respondents Bob Holden, governor of the State of Missouri, and Donna Coleman, general counsel for the Missouri Department of Corrections, because of the Governor's denial of Charron's request for a discretionary transfer from Missouri to a correctional facility in Canada pursuant to the Treaty Between the United States of America and Canada on the Execution of Penal Sentences, 30 U.S.T. 6263 (Mar. 2, 1977). His claim was that the denial of the transfer was actionable under 42 U.S.C. § 1983, on the grounds that the denial was in retaliation for a number of civil actions Charron had filed against various prison and state officials while his application for transfer was pending. Respondents filed a motion seeking the dismissal of Charron's suit for failure to state a claim. They argued that Charron's petition failed to state a claim under 42 U.S.C. § 1983 because he had no liberty interest in being transferred to a Canadian prison. Charron responded, contending that retaliatory actions may be actionable under § 1983, even if the action itself does not involve a liberty interest, when the motive behind that action is to punish an individual for exercise of a constitutional right. The trial court sustained the respondents' motion, dismissing the action with prejudice.

Charron contends that the trial court erred in dismissing his suit for failure to state a claim for retaliation under 42 U.S.C. § 1983. Respondents raise similar arguments as stated in their original motion to dismiss, but also argue that the trial court properly dismissed Charron's petition because it failed to allege sufficient facts to state a claim for retaliation. Charron takes the position that, because his suit seeks relief under a federal statute, the Federal Rules of Civil Procedure apply to his case. As such, he believes that his petition need only meet the "notice pleading" requirements of petitions under the Federal Rules to survive a motion to dismiss for failure to state a claim.

■ Charron's belief is incorrect. When an action under Section 1983 is filed in state court, the state's rules of civil procedure apply, not the federal rules. *Eden v. Fortunato,* No. 01CA007910, 2002 WL 22881, 2002 Ohio App. LEXIS 32 at *2 (Ohio Ct.App. January 9, 2002); *Henke v. Superior Ct.,* 161 Ariz. 96, 775 P.2d 1160, 1163 (App.1989). *See also, e.g., Duvall v. Lawrence,* 86 S.W.3d 74, 82 (Mo.App.2002) (applying Missouri Rules of Civil Procedure to an action under 42 U.S.C. § 1983).

■ Unlike the "notice pleading" requirements of the federal courts, Missouri courts apply a "fact pleading" standard. *See ITT Commercial Fin. Co. v. Mid–America Marine Supply,* 854 S.W.2d 371, 379 (Mo. banc 1993). Under Missouri pleading rules, to state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. *Bracey v. Monsanto Co., Inc.,* 823 S.W.2d 946, 951 (Mo. banc 1992) (citing *Fischer, Spuhl, Herzwurm & Assocs. Inc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo. banc 1979)).

■ When reviewing the dismissal of a petition for failure to state a claim, we "treat the facts contained in the petition as true and construe them liberally in favor of the plaintiff[ ]" *Ste. Genevieve School Dist. R–II v. Bd. of Aldermen of City of Ste. Genevieve,* 66 S.W.3d 6, 11 (Mo. banc 2002). If the petition asserts any set of facts which would entitle the plaintiff to relief, if successfully proven, then the petition states a claim and cannot be dismissed. *Id.*

Here, Charron's petition alleges that he applied for a transfer to Canadian custody on June 20, 1996. It then sets forth a list of lawsuits filed in both Federal and Missouri courts from 1996 through 2000. It then alleges that the Canadian authorities approved his request for transfer on May 7, 2001, but that the transfer was ultimately denied on or about July 31, 2001, due to the nature [1] of the crimes for which Charron had been convicted.

None of the lawsuits described in the petition are alleged to have involved respondents Holden or Coleman. Nor does Charron allege that either Holden or Coleman were aware of those lawsuits. It does not allege that the decision to deny transfer on the basis of the nature of his convictions was itself improper or pretextual. Instead, all the petition states is a conclusory allegation that his request for transfer was denied "in retaliation for, and to punish" Charron because he sought access to the courts. Even under the Federal "notice pleading" standard, such bare allegations are not sufficient to state a claim. *See, e.g., Benson v. Cady,* 761 F.2d 335, 342 (7th Cir.1985).[2]

We conclude that Charron's petition failed to allege ultimate facts which stated a claim against the respondents. Upon that basis, we hold that the trial court did not err in dismissing Charron's petition for failure to state a claim. We, therefore,

---

1. While the record does not clearly reveal the "nature" of Charron's offenses, we note that he was convicted of forcible rape, two counts of second-degree robbery, and first-degree burglary. *See generally, State v. Charron,* 743 S.W.2d 436 (Mo.App.1987).

2. In *Benson,* we note that the Seventh Circuit also looked to determine whether the petition alleged a chronology from which retaliatory intent could be inferred. Here, Charron appears to have attempted such a chronology, but the extended time between the filing of the lawsuits and the decision to deny transfer, a period that ranges from several months to several years, defeats a reasonable inference that the transfer was denied as a result of Charron's decision to file those lawsuits.

need not reach the issue of whether the denial of a discretionary transfer of custody can form the basis for a suit under 42 U.S.C. § 1983.

The trial court's judgment dismissing Charron's petition with prejudice for failure to state a claim is affirmed.

JOSEPH M. ELLIS, Chief Judge, and JAMES M. SMART, JR., Judge, concur.