

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **DAMON THOMAS,**<br><br>    **Appellant,**<br><br>v.<br><br>**LARRY DENNEY, ET AL.,**<br><br>    **Respondents.** | **WD77388**<br><br>**OPINION FILED:**<br><br>**December 16, 2014** |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel Richard Green, Judge**

**Before Division Four: Alok Ahuja, C.J. Presiding,**
**James Edward Welsh, J., and Tracey Mason-White, Sp.J.**

Damon Thomas appeals the circuit court's judgment dismissing his petition against the

Missouri Department of Corrections and certain of its employees. We affirm.

### Background

Damon Thomas is an inmate under the authority of the Missouri Department of

Corrections ("the Department"). In October 2013, Thomas filed a lawsuit against the

Department and several of its employees raising allegations related to his period of confinement

at Crossroads Correctional Center ("Crossroads"). In addition to the Department, Thomas also

named as defendants Cyndi Prudden, Deputy Division Director, Division of Adult Institutions,

and the following officials at Crossroads: Warden Larry Denney, Assistant Warden Terry Page,

Adjustment Officer K. Herring, and B. Brooke, whose position is stated as "F.U.M."[1]  The

lawsuit related to disciplinary action taken against Thomas and his subsequent placement in

administrative segregation.

On February 10, 2012, Defendant Brooke issued Thomas a conduct violation.  It alleged

that a year-long investigation had found that Thomas had conspired with other inmates, family

members, and outside civilian personnel "to attempt to introduce contraband believed to be

narcotics into the institution" and had "arranged financial transactions between family members

and other offenders to assist in funding illegal activities."  Following a hearing before the

prison's adjustment board, Thomas was found guilty of possession/use of an intoxicating

substance "by engaging in a scheme or plan to introduce a controlled substance into the facility."

Thomas was thereafter placed in administrative segregation and his visits were restricted.  He

was in administrative segregation when he filed his lawsuit.[2]

In his "Second Amended Petition for Declaratory Judgment and Injunctive Relief,"

Thomas sought judicial review, pursuant to section 536.150 RSMo[3] of Missouri's Administrative

Procedures Act ("APA"), of his confinement in administrative segregation.  He alleged that the

decision was "unconstitutional, unlawful, unreasonable, arbitrary, capricious, [and] involve[d] an

abuse of discretion."  *See* § 536.150.1.  Thomas also alleged that the defendants had subjected

him "to cruel and unusual punishment in violation of the Eighth Amendment to the United States

Constitution."  Specifically, he claimed that, "throughout the time [he] was held in segregation,

---

[1]We presume that F.U.M. stands for "functional unit manager."

[2]Thomas's brief suggests (but does not explicitly state) that he was still in administrative segregation when he filed his brief.

[3]Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2011 Cumulative Supplement.

2

he was housed in filthy conditions, denied showers and denied the minimum three (3) hour[s] out of cell per week." Among other things, Thomas sought a declaration "that the Findings and Discipline imposed upon [him] as a result of these proceedings is null and void and [that it] be dismissed and expunged from [his] record."

Defendants moved to dismiss Thomas's second amended petition on five grounds. The first ground, improper service of process on the Department and Prudden, was moot before the circuit court ruled on the motion due to subsequent service on them. The second ground claimed that confinement in administrative segregation is not subject to judicial review under section 536.150, because the decision lies solely within the discretion of Department officials and because the decision is not final. The final three grounds addressed the Eighth Amendment claim.[4] The Respondents argued that Thomas failed to exhaust administrative remedies, that he failed to allege personal involvement of these specific defendants, and that his requested remedy failed to redress the alleged harm.

On February 10, 2014, the circuit court dismissed the petition for "the reasons set out in the motion to dismiss and reply suggestions thereto."

## Standard of Review

This Court reviews the grant of a motion to dismiss *de novo*. *Phelps v. City of Kansas City*, 371 S.W.3d 909, 912 (Mo. App. 2012). "[T]he pleading is granted its broadest intendment, all facts alleged are treated as true, and it is construed favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief."

---

[4]In their motion to dismiss, the Respondents addressed Thomas's Eighth Amendment claim as a civil rights claim brought pursuant to 42 U.S.C. §1983. That federal statute imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Title 42 U.S.C.A. § 1983 (2012). Thomas's petition does not assert that his claims are being brought under that statute.

3

*Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995).

"If the motion to dismiss should have been sustained on any meritorious ground alleged in the

motion, the ruling of the trial court will be affirmed." *Id*.

**Discussion**

Thomas's five points on appeal correspond to the five grounds set forth in the motion to

dismiss. The first point is moot and need not be discussed.[5] In Point II, Thomas asserts that the

circuit court erred in dismissing his claim for judicial review of his placement in administrative

segregation, arguing (1) that section 536.150 of the APA mandates review of the decision despite

the discretion afforded to prison officials under Chapter 217, and (2) that the decision to retain an

inmate in administrative segregation for ninety days following a review hearing is final and

subject to judicial review.

The APA is set forth in Chapter 536 of the Revised Statutes of Missouri. Section

536.150 provides a system for *de novo* judicial review of noncontested cases. A hearing for

review of an inmate's placement in administrative segregation is specifically designated "***not*** a

contested case pursuant to the provisions of chapter 536." § 217.375.4. Subsection .1 of section

536.150 provides:

> When any administrative officer or body . . . shall have rendered a decision which
> is not subject to administrative review, determining the legal rights, duties or
> privileges of any person, . . . and there is no other provision for judicial inquiry
> into or review of such decision, such decision may be reviewed by suit for
> injunction, certiorari, mandamus, prohibition or other appropriate action. . . .

§ 536.150.1. That subsection also prohibits courts from infringing on the discretion of

administrative decision makers, however, in its proviso that

---

[5]Point I asserts that the circuit court erred by dismissing Thomas's claim against Prudden and the
Department for lack of personal jurisdiction, but both of those defendants were ultimately properly served.

4

the [reviewing] court ***shall not substitute its discretion for discretion legally vested in such administrative officer or body***, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.

*Id*. (emphasis added).

The discretion to establish and enforce prison disciplinary policies is vested solely in the Director of the Department of Corrections and the Chief Administrative Officer of each correctional facility. "The legislature has granted prison administrators the authority to promulgate rules, establish disciplinary procedures, and to provide a grievance process for contesting disciplinary measures." *Cooper v. State*, 818 S.W.2d 653, 655 (Mo. App. 1991) (citing §§ 217.175 and 217.370). Section 217.370 states: "The director shall establish rules and regulations pertaining to offender disciplinary procedure and shall establish an offender grievance procedure. The chief administrative officer of each correctional center shall observe these rules and procedures at all times." § 217.370. In addition, section 217.175 provides that "[t]he division directors shall make such rules, regulations and orders as are proper and necessary for the management of the correctional centers and programs under their control."

The reason for such discretion is succinctly explained in *Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir. 1994): "The nature of prison disciplinary proceedings compels the courts to give wide latitude to prison officials in the manner in which they conduct these proceedings for they take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." (Internal citations and quotation marks omitted.) In *Cooper v. Gammon*, this Court noted that our Supreme Court has "cautioned that the department of corrections [is] under the responsibility of the executive branch of government, not the judicial branch, and 'that courts will not interfere with the conduct,

5

management, and disciplinary control of this type of institution except in extreme cases.'" 943 S.W.2d 699, 703 (Mo. App. 1997) (quoting *McIntosh v. Haynes*, 545 S.W.2d 647, 652-53 (Mo. banc 1977)).

The decision to place an inmate into administrative segregation is governed by section 217.375. Section 217.375.1 provides, in pertinent part:

> When an offender is an immediate security risk, . . . or an offender is in urgent need to be separated from others for his own safety or that of others, or for the security and good order of the correctional facility, the chief administrative officer of the correctional facility or his designee may immediately place the offender in an administrative segregation unit. . . .

According to the Respondents' motion to dismiss, Thomas was placed in administrative segregation "as a disciplinary measure and for the safety and security of the institution," as is permitted under section 217.375.1. As stated, Thomas was provided a hearing after which he was found guilty of conspiring with others to attempt to introduce narcotics into the institution and of arranging "financial transactions between family members and other offenders to assist in funding illegal activities." The nature of his violation supports the Respondents' assertion that it was necessary to segregate him for the "safety and security of the institution."

Because section 536.150.1 prohibits our courts from infringing on the lawful exercise of the discretion afforded Missouri's correctional officials, the circuit court did not err in dismissing Thomas's claim that he is entitled to judicial review of his confinement in segregation.

In any event, a decision must be final before it is deemed reviewable under section 536.150. *See Dore & Assoc. Contracting, Inc. v. Mo. Dept. of Labor & Indus. Relations Comm'n*, 810 S.W.2d 72, 75 (Mo. App. 1990). "'Finality' is found when 'the agency arrives at a terminal, complete resolution of the case before it.'" *Id.* at 75-76. "An order lacks finality in this sense while it remains tentative, provisional, or contingent, subject to recall, revision or

reconsideration by the issuing agency." *Id*. at 76. The decision to detain an inmate in administrative segregation is subject to repeated administrative review. Section 217.375.1 requires a review hearing to be held within five working days of the incident that resulted in placement in administrative segregation. Section 217.375.2 mandates further periodic reviews of the detention, requiring a review hearing "thirty days after the initial period of confinement and every ninety days thereafter." Thomas does not allege that he has been denied any of the required review hearings. Because the statutes mandate periodic review of an inmate's detention in administrative segregation, the decision is not final; rather, it "remains tentative, provisional, or contingent, subject to recall, revision or reconsideration." *See Dore*, 810 S.W.2d at 76. Given the discretion afforded to prison officials concerning the placement of inmates in administrative segregation, and the statutory requirement for periodic administrative review of the placement of an inmate into administrative segregation, judicial review under section 536.150 is improper.

In sum, a decision to retain an inmate in administrative segregation does not fall within the purview of section 536.150 of the APA.[6] Thus, the circuit court properly dismissed Thomas's claim that he was entitled to judicial review under the APA. Point denied.[7]

---

[6]Thomas cites *Herron v. Kempker*, 2003 WL 22478741 (Mo. App. W.D. 2003), to support his claim that placement in administrative segregation is reviewable under the APA. Substantively, *Herron's* focus is on whether an administrative segregation hearing is a contested or noncontested case under the APA. In 2004, section 217.375 was amended to provide that "[a] review hearing pursuant to this section is not a contested case." § 217.375.4. Procedurally, *Herron* was ordered transferred to the Missouri Supreme Court and was dismissed as moot by Order of the Court on May 25, 2004. Thus, *Herron* is of no assistance to Thomas.

[7]Thomas does not allege that he was denied the periodic administrative review required by section 217.375.2, or that prison authorities failed to follow the rules and regulations governing such disciplinary proceedings. *Compare State ex rel. Haley v. Groose*, 873 S.W.2d 221, 223-24 (Mo. banc 1994) (granting writ of mandamus requiring prison officials to provide inmate with periodic administrative review required by section 217.375.2). Thomas's petition sought a declaration that one of the Department's disciplinary rules (which permits the consideration of information from confidential sources without disclosing the identity of the informant to the accused inmate) is invalid. He has not contended on appeal, however, that this claim justified judicial review of the decision to place or maintain him in administrative segregation.

7

### *Eighth Amendment Claim*

In his final three points, Thomas contends that the circuit court erred in dismissing his Eighth Amendment claim based on (Point III) his failure to exhaust administrative remedies, (Point IV) his failure "to allege personal involvement . . . of each defendant," and (Point V) the failure of his requested remedies to redress the alleged harm from the conditions of his confinement in segregation.

In *Gammon*, this Court explained that confinement in a prison violates Eighth Amendment rights to be free from cruel and unusual punishment: "if the conditions involve wanton and unnecessary infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment," or if there are "[e]xtreme deprivations" that are objectively "sufficiently serious" as to "result in the denial of 'the minimal civilized measure of life's necessities.'" 943 S.W.2d at 703 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). *Gammon* further states that in order to establish an Eighth Amendment claim with regard to conditions of confinement, the plaintiff must "show a culpable state of mind on the part of the prison officials" and "prove that the prison official acted with deliberate indifference to the inmate's health or safety." *Id*.

To withstand a motion to dismiss for failure to state a claim, a petition must contain allegations of the ultimate facts necessary for recovery or allegations from which such ultimate facts can be inferred. *ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp*., 854 S.W.2d 371, 379-80 (Mo. banc 1993) (citing *Sofka v. Thal*, 662 S.W.2d, 502, 509 (Mo. banc 1983)). The role of pleadings in Missouri is to "identify facts upon which the plaintiff's claim rests." *Id.* at 380. The petition must state allegations of fact in support of each essential element of the cause pled. *Kennedy v. Mo. Attorney Gen.*, 922 S.W.2d 68, 70 (Mo. App. 1996). If a petition consists only

of conclusions and does not contain ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted. *Id*.

Here, Thomas's sole reference to the conditions of his confinement was his cursory allegation in his petition that while in segregation, "he was housed in filthy conditions, denied showers and denied the minimum three (3) hour[s] out cell per week." This is the entirety of his pleadings as to this claim. As noted, the burden is on Thomas to "identify facts upon which [his] claim rests." *See ITT*, 854 S.W.2d at 380. Not only does Thomas fail to identify any such facts, but he also fails to plead any facts about the personal involvement of any defendant. *See Gammon*, 943 S.W.2d at 703. Finally, despite the allegations in his petition concerning the conditions under which he was being held, the prayer of Thomas's petition requested only a declaration that a rule relating to prison disciplinary proceedings was unlawful, and a finding that the decision to place him in administrative segregation was accordingly invalid; the petition sought no relief with respect to any of the conditions in which Thomas was being held. In these circumstances, his Eighth Amendment claim "is a bare and conclusory statement without sufficient factual information plead[ed] to support it." *See Cooper v. Minor*, 16 S.W.3d 578, 581 (Mo. banc 2000).

Recently, in *Williams v. Roper*, the United States District Court for the Eastern District of Missouri dismissed a plaintiff's Eighth Amendment claim regarding the conditions of his confinement in administrative segregation on the basis that his allegations were "not pleaded with enough specificity to state a claim." 2014 WL 2972472, *7 (E.D. Mo., July 1, 2014). There, the court found that

> plaintiff has not been specific enough about the length of time he was allegedly subjected to an overflowed toilet or other "denials of life's necessities," such as when or how often he lacked a mattress or pillow or heat in his cell. Moreover,

9

> plaintiff has not discussed in his complaint a specific health problem that allegedly arose from such "denials," other than to generally state that he suffered "headaches, increased back pains, and insomnia, emotional distress, mental anguish and humiliation" at some point during the approximately eight months he was held in administrative segregation.

*Id*. The court concluded that "such generalized allegations simply cannot suffice to state a claim for an Eighth Amendment violation for cruel and unusual punishment." *Id*.

Unlike Missouri's "fact pleading" rules, the Federal Rules' system of "notice pleading" requires only that the petition set forth a "short and plain statement of the claim." *See ITT*, 854 S.W.2d at 379 (quoting FED.R.CIV.P. 8(a)(2)). Consequently, under Missouri's rules, "motions to dismiss for failure to state a claim have substantially more 'bite' . . . than they have under the federal system." *Id*. If the allegations in *Roper* do not satisfy the notice-pleading requirements of the federal court, Thomas's even more general allegations certainly do not satisfy Missouri's fact-pleading requirements. Accordingly, the circuit court properly dismissed this claim.

While the reasons set forth in this opinion differ to some extent from those advanced in the motion to dismiss, we find that the circuit court reached the correct result. "Our primary concern is the correctness of the result, not the route by which it is reached." *See Cooper*, 818 S.W.2d at 656. Because we conclude that the circuit court could properly have dismissed Thomas's Eighth Amendment claim for the reasons stated herein, we need not, and will not, address his specific Points related to this claim.

Based on the foregoing, we affirm the circuit court's dismissal of Thomas's petition.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.