

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| RONALD JORDAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD86511 |
| | ) | |
| JAMES H. COFFMAN, | ) | Opinion filed:  December 17, 2024 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE CHRISTOPHER K. LIMBAUGH, JUDGE**

Division Two:  W. Douglas Thomson, Presiding Judge,
Karen King Mitchell, Judge and Janet Sutton, Judge

Ronald Jordan ("Jordan") appeals the judgment of the trial court which dismissed his claims against James H. Coffman ("Coffman") based on Coffman's Motion to Dismiss.  Acting *pro se*, Jordan raises six points on appeal.  Because Jordan failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983, we affirm.

## Factual and Procedural History[1]

Jordan is currently an inmate at the Eastern Reception Diagnostic & Correction Center ("ERDCC") in Bonne Terre, Missouri.  Until February 28, 2022 when he was transferred to ERDCC, he was held at the Potosi Correctional Center ("PCC") in Mineral Point, Missouri.  While at PCC, Jordan worked in its Chair Factory ("Factory"), where Coffman served as supervisor.  The Factory was operated by Missouri Vocational Enterprises, a program within the Missouri Department of Corrections.

On March 24, 2023, Jordan filed a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983 against Coffman in his individual capacity, in which he requested declaratory relief, compensatory damages, and punitive damages.  The Complaint alleged, *inter alia*, that beginning in early March of 2020, Coffman would bring personal property he obtained from a junkyard into the Factory.  Coffman would then direct offender Factory workers to repair and restore such property for his own personal gain and benefit.  This included an allegation that around the second week of March 2020 Coffman brought a Ford truck bed into the Factory which he directed Jordan to work on at least four times between April and May of 2020.  Jordan alleged his work on the truck bed was "compelled and maintained by the use and inherent threat of either: (1) receiving a write-up/conduct violation for

---

[1] "When reviewing a motion to dismiss, we assume all of the petition's averments are true and liberally grant all reasonable inferences drawn therefrom." *Richest v. City of Kansas City*, 643 S.W.3d 610, 612 n.2 (Mo. App. W.D. 2022) (citing *Hartman v. Logan*, 602 S.W.3d 827, 836 (Mo. App. W.D. 2020)).

disobeying an order; (2) losing his job in the Factory; (3) going to the hole for refusing to do the work on [Coffman's] truck bed; or (4) possibly all the above." Jordan claimed these actions by Coffman compelled and subjected him to involuntary servitude in violation of section 217.125, RSMo.,[2] and his constitutional rights under the Thirteenth and Eighth Amendments. Jordan therefore requested the following relief:

A. Issue a declaratory judgment stating that:

1) Defendant Coffman's actions, by compelling and subjecting plaintiff to involuntary servitude, was a violation of Missouri Revised Statute § 217.125 Offender Labor.

2) Defendant Coffman's actions, by compelling and subjecting plaintiff to involuntary servitude, constituted an abuse of offender labor.

3) Defendant Coffman's actions, by compelling and subjecting plaintiff to involuntary servitude, violated plaintiff's rights under the Thirteenth Amendment to the United States Constitution, where such labor or servitude went beyond the bounds permitted by the Thirteenth Amendment.

B. Award compensatory damages against defendant Coffman for subjecting plaintiff to involuntary servitude, and abuse of offender labor.

C. Award punitive damages against defendant Coffman on the respective issues.

D. Plaintiff's cost in the suit.

E. Grant such other relief as it may appear that plaintiff is entitled.

On July 7, 2023, Coffman filed a Motion to Dismiss under Rule 55.27.[3] He raised three arguments for dismissal, first alleging that Jordan's claim is barred

---

[2] All statutory citations to section 217.125 are to RSMo (1995). No amendments have been made to this statute since 1995.
[3] All rule references are to Missouri Supreme Court Rules (2023).

under the doctrines of *res judicata* and collateral estoppel, because the same allegations against Coffman had been raised by Jordan in federal court and were dismissed by the District Court twice – first, on April 20, 2022, and again on July 29, 2022 after Jordan filed an amended complaint. Attached to, and referenced in, Coffman's motion were Exhibits A and B, the District Court's April 20, 2022 Memorandum and Order and July 29, 2022 Memorandum and Order, respectively. Second, Coffman alleged that Jordan's claim was barred under the one-year statute of limitations provided in section 516.145, and third, that Jordan's claim must be dismissed for failure to state a claim because his claims are "just conclusory allegations."

On July 19, 2023, the trial court entered its judgment dismissing Jordan's claims against Coffman. The court found Jordan's claims were barred (1) "by the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) having already been decided by the United States District Court for the Eastern District of Missouri in case number 4:21-cv-1456-JCH" and (2) "by the statute of limitations contained in § [516.145], RSMo."[4] This same day, Jordan filed a request for the docket sheet, which was mailed to him the following day.

On July 24, 2023, after the trial court had entered its judgment, Jordan filed a motion requesting an extension of time in which to respond to Coffman's Motion

---

[4] In its judgment, the trial court stated "§ 516.120." Presumably, the trial court meant section 516.145, the one-year statute of limitations, as alleged by Coffman in his Motion to Dismiss, rather than section 516.120, the five-year statute of limitations. Indeed, the court ruled Coffman's motion should be sustained "for the reasons stated therein," and both parties agree on appeal that the statute at issue is section 516.145.

to Dismiss. Within said motion, Jordan stated he had not received the Motion to Dismiss until July 17, 2023, and he believed the motion necessitated a response. He further stated that because his access to the prison law library is limited, he needed an extension of time up to and including August 4, 2023 in order to file a proper response. No ruling on the motion was entered by the trial court.

Thereafter, Jordan filed his response to the Motion to Dismiss on August 4, 2023, in which he addressed the three grounds of dismissal raised by Coffman. As with his motion for extension of time, no action on Jordan's response to the Motion to Dismiss was taken by the trial court. On August 14, 2023, Jordan filed a Motion to Vacate Judgment pursuant to Rule 75.01, arguing in part that he "should have been provided an opportunity to be heard in his opposition to defendant's Motion to Dismiss, and to substantiate his § 1983 claims."[5] He also contended that Coffman's arguments for dismissal "are unavailing and without merit," as "[t]he applicable statute and caselaw belies [Coffman's] contentions." Three days later Jordan filed his Notice of Appeal; no ruling on his Motion to Vacate Judgment was ever entered by the trial court.[6]

The matter now comes before us.

---

[5] Regardless of whether this Motion to Vacate Judgment was an authorized after-trial motion, Jordan timely filed his Notice of Appeal.

[6] Interestingly, the docket sheet reflects that on August 21, 2023, a "Civil Setting" was scheduled by the trial court for September 12, 2023, but was later cancelled. The purpose of the "Civil Setting" is not contained in the docket sheet.

**Jurisdiction**

Before addressing the merits of Jordan's appeal, we must *sua sponte* determine whether we have jurisdiction. The trial court dismissed Jordan's claims without specifying whether they were with or without prejudice. "If a motion to dismiss does not specifically state it is dismissed with prejudice, it is deemed to be dismissed without prejudice." *Adem v. Des Peres Hosp., Inc.*, 515 S.W.3d 810, 813 (Mo. App. E.D. 2017) (citations omitted). Rule 67.03 also provides that an involuntary dismissal is without prejudice unless the court specifies otherwise in its order for dismissal. "[A] dismissal without prejudice is generally not a final, appealable judgment." *Adem*, 515 S.W.3d at 814 (citing *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 530-31 (Mo. banc 2011)).

"'An exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form presented by the plaintiff.'" *Walters Bender Strohbehn & Vaughan, P.C. v. Mason*, 316 S.W.3d 475, 477-78 (Mo. App. W.D. 2010) (quoting *State ex rel. Nixon v. Smith*, 280 S.W.3d 761, 765 (Mo. App. W.D. 2009)). "'[D]ismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations, theories of estoppel, [and other bases not relevant here].'" *Id*. at 478 (first alteration in original) (emphasis removed) (quoting *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo. App. E.D. 2000)). The dismissal in this case, based on theories of estoppel and a statute of limitations, has the above-mentioned practical

effect. *See id.; Shores v. Express Lending Servs., Inc.*, 998 S.W.2d 122, 125 (Mo. App. E.D. 1999). We therefore have jurisdiction to hear this appeal.

## Standard of Review

"'We review the trial court's decision to grant a motion to dismiss *de novo*.'" *Richest v. City of Kansas City*, 643 S.W.3d 610, 613 (Mo. App. W.D. 2022) (quoting *Hartman v. Logan*, 602 S.W.3d 827, 835 (Mo. App. W.D. 2020)). "'In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss.'" *Rene v. Royal City Bell, LLC*, 686 S.W.3d 262, 264 (Mo. App. W.D. 2024) (quoting *Estate of Barros*, 659 S.W.3d 624, 627 (Mo. App. W.D. 2022)). "'[T]his Court will affirm a judgment of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground.'" *Martin v. Martin*, 687 S.W.3d 416, 420 (Mo. App. W.D. 2024) (alteration in original) (quoting *Goldsby v. Lombardi*, 559 S.W.3d 878, 881 (Mo. banc 2018)). Conversely, "'[i]f the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed.'" *Id.* (quoting *Goldsby*, 559 S.W.3d at 881).

## Analysis

In his Motion to Dismiss, Coffman included as a ground for dismissal that Jordan "fail[ed] to state a claim because his claims are just conclusory allegations." He specifically claimed that Jordan "does not include enough facts specific enough to support the allegations in his Complaint. His claims are just conclusory allegations. Therefore, [Jordan] fails to state a claim, and his claims must be

7

dismissed." Although not relied upon by the trial court in its judgment, we believe this ground for dismissal is dispositive. "'[T]his Court will affirm a judgment of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground.'" *Martin*, 687 S.W.3d at 420 (alteration in original) (quoting *Goldsby*, 559 S.W.3d at 881). Accordingly, we address this argument by Coffman.

Jordan addresses this ground for dismissal in his Point V. Within his Point Relied On, he claims he "pled facts which, proven true, will entitle [him] to the relief sought." We disagree. "A motion seeking dismissal of a petition for failure to state a claim upon which relief can be granted 'is solely a test of the adequacy of a plaintiff's petition.'" *Williston v. Vasterling*, 536 S.W.3d 321, 330 (Mo. App. W.D. 2017) (quoting *Smith v. Humane Soc'y*, 519 S.W.3d 789, 797 (Mo. banc 2017)). "'This Court does not attempt to weigh whether the alleged facts are credible or persuasive.'" *McIlvoy v. Sharp*, 485 S.W.3d 367, 371 (Mo. App. W.D. 2016) (quoting *Harris v. Presson*, 445 S.W.3d 127, 129 (Mo. App. E.D. 2014)). "'The facts alleged in the petition are assumed to be true, and all reasonable inferences are liberally construed in favor of the plaintiff.'" *Williston*, 536 S.W.3d at 330 (quoting *Smith*, 519 S.W.3d at 798). Stated another way, "'we accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and we construe all allegations favorably to the pleader to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *McIlvoy*, 485 S.W.3d at 371-72 (quoting *Harris*, 445 S.W.3d at 129).

[However,] "[u]nder Missouri pleading rules, to state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial." *Charron v. Holden*, 111 S.W.3d 553, 555 (Mo. App. W.D. 2003). "The petition must state allegations of fact in support of each essential element of the cause pled." [*Thomas v. Denney*, 453 S.W.3d 325, 332 (Mo. App. W.D. 2014)]. "If a petition consists only of conclusions and does not contain ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id.*

*Id.* at 372.

Jordan's claims against Coffman in Coffman's individual capacity are brought under section 1983. Generally, section 1983 provides "a broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Section 1983 does not confer substantive rights but is merely a procedural vehicle "for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2694 n.3, 61 L.Ed.2d 433 (1979)). Accordingly, in order for Jordan to state a claim for relief pursuant to section 1983, he must allege that his *established* constitutional rights were violated. His petition fails to do so.

"'Section 1983 allows a person who has had "any rights, privileges, or immunities secured by the Constitution" violated by another, under the color of state law, to sue the violator for damages.'" *McIlvoy*, 485 S.W.3d at 372 (quoting *Copeland v. Wicks*, 486 S.W.3d 886, 890 (Mo. 2015)). However, "[w]hen a plaintiff asserts a section 1983 action against an official in his or her individual capacity or against a private actor, the plaintiff must plead facts establishing the

'individual defendant's personal involvement or responsibility' in depriving the plaintiff of his constitutional rights." *Williston*, 536 S.W.3d at 337 (quoting *McIlvoy*, 485 S.W.3d at 373). More specifically,

> [i]n order to successfully bring a claim under § 1983, a plaintiff must plead and prove (1) that the defendant deprived the plaintiff "of a right, privilege, or immunity secured by the Constitution or the laws of the United States" and (2) that the defendant "was acting under the color of state law at the time of the conduct constituting the deprivation."

*McIlvoy*, 485 S.W.3d at 372-73 (quoting *France v. Hunter*, 368 S.W.3d 279, 286 (Mo. App. S.D. 2012)). "Assertions of bare, conclusory allegations are not sufficient to state a claim." *Id.* at 373 (citing *Charron*, 111 S.W.3d at 555).

Here, Jordan's complaint alleges that Coffman subjected him to involuntary servitude, in violation of section 217.125 and the Thirteenth and Eighth Amendments, by compelling him to work on Coffman's truck bed on at least four occasions between April and May of 2020.[7] We address his Thirteenth Amendment claim first.

Pursuant to the Thirteenth Amendment, "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States, or any place subject to their

---

[7] Jordan's complaint also alleges that Coffman directed offender Factory workers to perform work on a truck door, a tailgate, and a truck motor. However, Jordan never alleges or pleads that *he* (Jordan) was personally directed to work on these specific objects. As stated above, part of successfully bringing a section 1983 claim is to plead and prove "that the defendant deprived the *plaintiff* 'of a right, privilege, or immunity secured by the Constitution or the laws of the United States' . . . ." *McIlvoy*, 485 S.W.3d at 372-73 (emphasis added) (quoting *France*, 368 S.W.3d at 286). We therefore do not consider any allegations contained within Jordan's complaint concerning these other offender Factory workers.

jurisdiction." U.S. Const. amend. XIII, § 1 (emphasis added). Accordingly, it is well-settled that "[c]ompelling prison inmates to work does not contravene the Thirteenth Amendment." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977) (citations omitted); *see also Glick v. Lockhart*, 759 F.2d 675, 676 (8th Cir. 1985); *Mosby v. Mabry*, 697 F.2d 213, 215 (8th Cir. 1982).

Nevertheless, Jordan attempts to distinguish his case by alleging his constitutional rights were violated "because he was illegally compelled to work on 'personal property' for the illegal gain and benefit of a department employee – defendant Coffman." Jordan alleged that Coffman was acting under the color of state law as a State employee. Jordan correctly acknowledges that the Thirteenth Amendment allows the State to impose involuntary servitude on him as a convicted prisoner. He then argues that Coffman "had no legal authority" to subject him to involuntary servitude. In his petition, he alleges:

> To be clear, plaintiff is also not taking the position that his constitutional rights were violated because he was compelled to work on private property, with or without pay; but instead, because he was illegally compelled to work on "personal property" for the illegal gain and benefit of a department employee – defendant Coffman.

Here, on its face, Jordan's petition concedes that the Thirteenth Amendment permits the State to subject him to involuntary servitude *and* that he was subject to involuntary servitude by an employee of the State. Jordan, however, cites no authority which states an inmate working on "personal property" violates the Thirteenth Amendment, nor have we identified any. As stated above, section 1983 does not create constitutional rights but is a vehicle for enforcing them. Therefore,

11

Jordan fails to state a claim for relief because, facially, he has not pled facts supporting a violation of his Thirteenth Amendment rights.

Jordan pleads "that there are some circumstances in which compelled labor or work, in prison, can be outside of what is permitted under the Thirteenth Amendment's 'punishment clause,' and this case presents one of those circumstances." Yet, Jordan provides no authority to support such an exception to the well-settled principle that "[c]ompelling prison inmates to work does not contravene the Thirteenth Amendment." *Ray*, 556 F.2d at 882 (citations omitted). As such, we are left with a bare, conclusory allegation that Coffman deprived Jordan of his Thirteenth Amendment rights. This is insufficient to state a claim under section 1983. *See McIlvoy*, 485 S.W.3d at 373.

Jordan also pleads Coffman's actions violated his rights under the Eighth Amendment. "[T]here are circumstances in which prison work requirements can constitute cruel and unusual punishment." *Ray*, 556 F.2d at 882 (citations omitted).

> [F]or prison officials knowingly to compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eight Amendment to the Constitution of the United States as included in the 14th Amendment.

*Id.* (quoting *Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D. Ark. 1965)).

Here, Jordan does not plead any facts similar to those outlined in *Ray*.[8] Instead, he alleges that "by compelling plaintiff to perform labor [on his personal property] that [Coffman] knew was illegal under Missouri law," Coffman violated his Eighth Amendment rights "because again, plaintiff's punishment is owed to the 'State,' and not to any department employee for their personal gain and benefit." Such facts do not show that Coffman compelling Jordan to work amounts to cruel and unusual punishment. *See Glick*, 759 F.2d at 676. As with his Thirteenth Amendment claim, we are therefore left with a bare, conclusory allegation that Coffman deprived Jordan of his Eighth Amendment rights. Accordingly, Jordan has also failed to state an Eighth Amendment claim under section 1983.

Lastly, Jordan pleads that by compelling and subjecting him to involuntary servitude, Coffman violated Missouri law, specifically section 217.125. Section 217.125 provides, "No offender labor may be used for the profit, betterment or personal gain of any employee of the department." This, however, is insufficient to state a claim under section 1983.

The Eighth Circuit has "held several times that a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) (citing *Meis v. Gunter*,

---

[8] Ray contended that he was forced to work "90 to 120 hours per week including Sunday work" and could not do the hard labor assigned to him because he was physically disabled. *Ray*, 556 F.2d at 882. Further, he contended he was "constantly cursed and threatened by prison supervisors." *Id.* The court found that, if proven, Ray's contentions "could constitute cruel and unusual punishment" and therefore did "state a claim and should not have been dismissed." *Id.*

13

906 F.2d 364, 369 (8th Cir. 1990)). Indeed, "'section 1983 provides a federal remedy only for actions taken under color of state law, that deprive citizens of their *federal* constitutional or statutory rights.'" *Bonds v. Mo. Dep't of Mental Health*, 887 S.W.2d 418, 421 (Mo. App. W.D. 1994) (emphasis added) (quoting *Avenson v. Zegart*, 577 F.Supp. 958, 961 (D. Minn. 1984)). States can also create "liberty interests" that are protected by the Fourteenth Amendment. *See Bagley*, 5 F.3d at 328 ("There is a body of law, to be sure, holding that state law may create a 'liberty interest' protected by the Fourteenth Amendment."). However, "[t]he terms liberty interest and property interest are used in the context of procedural-due-process claims." *Meis*, 906 F.2d at 368.[9] "While a violation of a state-created liberty interest can amount to a violation of the Constitution, not every violation of state law or state-mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Meis*, 906 F.2d at 369). Indeed,

> If we were to hold that the sort of state statute involved here created a liberty interest for federal constitutional purposes, we would be greatly expanding the doctrine of substantive due process. We would be holding, in effect, every state statute which imposes a mandatory duty, or creates a legal right, is constitutional in nature, and the violation of every such statute would be a violation of the Due Process Clause of the Fourteenth Amendment. This is emphatically not the law. Many important rights and duties are created by state law entirely without regard to the federal Constitution. A violation of state law, without more, is not the equivalent of a violation of the Fourteenth Amendment.

---

[9] Procedural due process requires the government to follow certain procedures before depriving a person of life, liberty, or property.

*Meis*, 906 F.2d at 369 (citing *Snowden v. Hughes*, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944)).

Here, however, we need not analyze whether a state-created liberty interest was created through section 217.125. Jordan does not raise such an argument, nor does he claim any violation of his procedural due process rights, within his complaint. Accordingly, Jordan has failed to state a claim under section 1983 based on section 217.125. Although Jordan sets forth facts which, if proven, may state a violation of section 217.125, such a violation by itself does not state a claim under section 1983 as he has asserted.[10] *See Bonds*, 887 S.W.2d at 422-23.

Jordan's complaint fails to state a claim upon which relief can be granted under section 1983. Thus, the trial court's judgment of dismissal must be affirmed, as Coffman's Motion to Dismiss is supported by one of his asserted grounds for dismissal. We therefore need not address Jordan's remaining Points on Appeal.[11]

---

[10] The same can be said about Jordan's additional allegations that Coffman's actions "constituted an abuse of offender labor," "violated specific departmental policies and regulations," and "constituted an abuse of authority, and misuse of offender labor." Not only are these bare, conclusory allegations unsupported by substantive principles of law, but Jordan fails to plead violations of constitutional rights or a constitutionally protected liberty interest in connection thereto.

[11] This includes Jordan's last Point, which claims the trial court "erred and abused its discretion" by not granting his Motion to Vacate. Jordan maintains that within said motion, he pointed to clear errors of fact and law upon which the trial court relied to dismiss his claims. However, as just demonstrated, the Motion to Dismiss was supported on the ground that Jordan failed to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, the judgment of the trial court dismissing Jordan's claims against Coffman is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.